IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| FIRST CHICAGO INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     Case No. 5:21-cv-06042-DGK<br>) |
| BARBARA STINSON, et al., | )<br>) |
| Defendants. | ) |

## ORDER DENYING MOTIONS TO DISMISS

This case is a declaratory judgment action arising from litigation over an auto accident that occurred on August 5, 2019. Plaintiff First Chicago Insurance Company ("First Chicago") purportedly insured a car owned by Defendant Jennifer Lafler ("Lafler). The car was involved in an accident with Defendants Barbara Stinson ("Stinson"), Stephanie Parker ("Parker"), and Halo Palmer ("Palmer"). First Chicago is suing for a declaration that the $50,000 insurance policy at issue was lawfully canceled before the accident occurred.

Now before the Court are Defendants Stinson's, Parker's, Palmer's, and Lafler's (collectively "Defendants") motions to dismiss for lack of subject matter jurisdiction. ECF Nos. 9-12 respectively.[1] Defendants argue the Court lacks diversity jurisdiction to hear this case because the amount in controversy does not exceed $75,000. Because the probable costs of defense and indemnification minus the cost of any deductible exceeds the $75,000 jurisdictional thresholds, the motions are DENIED.

**Standard**

A case falls within a district court's original diversity jurisdiction if the parties are citizens

---

[1] Stinson, Parker, and Palmer are represented by the same attorney and have filed nearly identical motions. Lafler is represented by a different attorney, and her motion, ECF No. 12, essentially joins the foregoing motions.

of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A complaint that alleges the jurisdictional amount in good faith is sufficient to confer jurisdiction, but a federal court must dismiss the case "if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1080 (8th Cir. 2019). If a defendant challenges the plaintiff's allegations concerning the amount in controversy, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id*.

The amount in controversy is measured by the value to the plaintiff of the right sought to be enforced. *Id*. at 1081. In a declaratory judgment action such as this one, where an insurer files suit to determine its obligation to defend and indemnify, the amount in controversy ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible. *Id*.

**Discussion**

Defendants argue the amount in controversy does not exceed $75,000 because the policy at issue is worth only $50,000, and Plaintiff's cost of defense is zero. Defendants contend the cost of defense is zero since First Chicago has offered coverage to Lafler only under a reservation of rights, which she rejected after entering into an agreement with Defendants Stinson, Parker, and Palmer pursuant to § 537.065 of the Missouri Revised Statutes. Defendants do not cite any caselaw or other authority in support of this "zero cost of defense" theory, nor can the Court find any.

The fact that Lafler has rejected First Chicago's offer to provide a defense under a reservation of rights does not change the fact that the cost to First Chicago of providing such a defense could easily exceed $25,000. Indeed, based on the Court's experience reviewing legal bills, the cost of defense here could exceed $100,000. There is also no suggestion by either party

there is any deductible here, much less one large enough that it appears to a "legal certainty" it would bring the amount in dispute back below the $75,000 jurisdictional threshold.

Accordingly, the Court holds Plaintiff has carried its burden of showing by a preponderance of the evidence that the amount in dispute could be more than $75,000, so the amount in controversy requirement is met.

## Conclusion

For the foregoing reasons, Defendants' motions are DENIED.

**IT IS SO ORDERED.**

Date:  August 18, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT