# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| FIRST CHICAGO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-06042-DGK |
| ) | |
| BARBARA STINSON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER STAYING CASE

This case is a declaratory judgment action arising from an auto accident. First Chicago Insurance Company ("First Chicago") issued a $50,000 insurance policy on a car owned by Defendant Jennifer Lafler ("Lafler). Defendant Kevin Clark ("Clark") was driving that car when it was involved in an accident with Defendants Barbara Stinson ("Stinson"), Stephanie Padilla Palmer, and Halo Padilla Palmer. First Chicago is suing for a declaration that it cancelled the policy the day before the accident occurred.

Now before the Court are Defendants Stinson, Stephanie Padilla Palmer, Stephanie Padilla Palmer as next friend for Halo Padilla Palmer, and Lafler's (collectively "the Defendants") motions to dismiss. ECF Nos. 25, 27. Defendants argue the Court should dismiss this case because there is a pending garnishment action in state court that will address the same issues.

The Court holds that it should abstain because the state court proceeding is better positioned to resolve all the issues related to this case. Accordingly, the motions to dismiss are DENIED and this case is STAYED.

### Standard

Federal courts ordinarily have a "virtually unflagging obligation" to exercise their

jurisdiction. *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). But the Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts "unique and substantial discretion in deciding whether to declare the rights of litigants" or to abstain in deference to a parallel state suit. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This decision is guided by "considerations of judicial economy, considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings." *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013) (internal quotations and citations omitted).

"The key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Jones*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)). District courts must dismiss declaratory actions that a state court can better resolve, because "it would be uneconomical as well as vexatious" to proceed under such circumstances. *Haverfield*, 218 F.3d at 874-75 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

## Background

This declaratory judgment action concerns Plaintiff First Chicago's alleged duty to defend Defendants Lafler and Clark in a state court garnishment proceeding. The plaintiffs in the state court action are Defendants Stinson, Stephanie Padilla Palmer, and Halo Padilla Palmer (collectively, the "state court Plaintiffs"). Their petition alleges they suffered serious bodily injury when the vehicle they were riding in collided with the car driven by Clark and owned by Lafler. They allege Clark's liability arises from his operation of the vehicle, and that Lafler's liability arises from her entrustment of the vehicle to Clark. They are suing First Chicago for bad faith

2

failure to defend Lafler (Count One) and breach of contract (Count Two) for its failure to defend Lafler. Pleading in the alternative, they are also suing the insurance agency which obtained the First Chicago insurance policy, Affordable Insurance Solutions, LLC ("AIS"), for negligent failure to procure insurance (Count Three). They allege AIS failed to properly respond to an inquiry from First Chicago concerning Lafler's employment, which lead to First Chicago's cancelling the policy before the accident occurred.

First Chicago filed this lawsuit on April 14, 2021, seeking a declaration that it was not Lafler's auto liability insurer as of the date of the accident; thus it owes no duties under the policy. The state court case garnishment proceeding was filed three months later, on July 12, 2021.

## Discussion

There are essentially two steps to the analysis here. First, the Court must determine whether this case and the state court proceedings are parallel, and if so, then second, determine whether the state court is better positioned to settle the issues. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (internal quotations and citation omitted).

Here, both suits involve almost identical parties, except the state court garnishment proceeding also includes the insurance agency that procured the First Chicago policy, AIS. Both proceedings also involve substantially the same issues: First Chicago and Defendants each seek a judicial determination as to whether the First Chicago policy had been cancelled prior to the accident. Hence, the suits are parallel.

The Court next turns to whether the state tribunal can better settle the issues. On the one hand, the issue before the Court is a narrow one which does not involve a complex question of state law. Additionally, Defendants/state court plaintiffs did not file the state court action until

3

three months after First Chicago brought this case, so if the case is litigated in state court the parties may waste or duplicate resources. These factors weigh in favor of not abstaining. On the other hand, Missouri insurance law governs this case and there are no federal claims or defenses. Additionally, a ruling by this Court creates a risk of inconsistent judgments, since the Court could rule that First Chicago lawfully cancelled the policy prior to the accident. Such a ruling would not bind AIS because it is not a party to this case. So AIS could argue in the state court proceeding that First Chicago did not lawfully cancel the policy and it should not be liable for negligent failure to procure insurance. Thus, there could be inconsistent verdicts with the federal court holding First Chicago lawfully cancelled the policy, and the state court ruling in AIS's favor that First Chicago did not lawfully cancel it.

The Court holds that in this case, the interests of judicial economy in resolving all the disputes in one proceeding mean the state court is better positioned to hear this dispute, and so the Court should abstain. While the issue for the Court to decide is a narrow one that involves neither complex nor unsettled questions of state law and is one which this Court could resolve fairly quickly, this Court deciding the case creates a plausible risk of inconsistent verdicts. Further, the timing of filing the state court lawsuit does not matter because little substantive action has occurred in this case. No discovery has occurred, and while First Chicago has recently filed a motion for summary judgment, this work product can be used in the state court proceeding, so abstention will not result in the parties' wasting resources in a duplicative state court action.

Finally, the Court holds it should stay this action rather than dismiss it. The Eighth Circuit has held a stay is generally preferable where the basis for abstention is a parallel proceeding. *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797 (8th Cir. 2008) (noting the Supreme Court held in *Wilton*, 515 U.S. at 288 n.2, that "where the basis for declining to proceed is the pendency of a

4

state court proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy."). Defendants do not dispute this. Accordingly, this case is STAYED.

## Conclusion

For the foregoing reasons, Defendants' motions are DENIED. This case is STAYED pending further order from the Court. The parties shall file a joint status report on the progress of the state court proceeding every ninety days.

**IT IS SO ORDERED.**

Date:  October 29, 2021             /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT